United States District Court
for the
Western District of Michigan

| | |
|---|---|
| Lucien Thomas Baldwin, III,<br>Plaintiff,<br><br>v.<br><br>Lynn Miller, Granot Loma Camp, Inc. and<br>Eagle Rock Camp, Inc. f/k/a Granot Loma<br>Camp, Inc.,<br>Defendants. | Civil Action No. 2:15-cv-00162-GJQ-TPG |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, Lucian Thomas Baldwin, III, by and through his attorneys, Numinen, Deforge & Mathieu, P.C., and for his First Amended Complaint against Defendants states as follows:

### Parties and Jurisdiction

1. Plaintiff Lucian Thomas Baldwin, III is an individual residing and domiciled in the State of Michigan.

2. At all times pertinent to this cause of action, Plaintiff was and is the owner of Granot Loma, an historic private residence on the shores of Lake Superior in the County of Marquette, State of Michigan.

3. Defendant Lynn Miller ("**Miller**") is an individual who, upon information and belief, resides and is domiciled in South Carolina. Miller is the incorporator and, upon information and belief, sole director of Co-Defendants.

4. Defendant Granot Loma Camp, Inc. ("**GLCI**") is a Michigan Domestic Non-Profit Corporation, with a former Registered Office in Marquette, Michigan, but, upon

information and belief, at all times relevant hereto, conducted business in the State of South Carolina. Prior to the initiation of this litigation, the State of Michigan has placed GLCI's Articles of Incorporation into automatic dissolution. Upon information and belief, GLCI's successor is Defendant Eagle Rock Camp, Inc. f/k/a Granot Loma Camp, Inc. ("**ERCI**").

5. Defendant ERCI is a South Carolina Domestic Non-Profit Corporation with a Registered Office in the State of South Carolina, and, upon information and belief, at all times relevant hereto, conducted business in the State of South Carolina.

6. Plaintiff's claims against Defendant exceed Seventy-Five Thousand Dollars, ($75,000.00) in damages.

7. Given the above, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

## General Allegations

8. Plaintiff incorporates by reference all preceding paragraphs.

9. Plaintiff is the owner of Granot Loma, a magnificent private estate located in Marquette County on the shores of Lake Superior.  This single family residence has been named the "Biggest Log Cabin in the World" and the most expensive residence in the State of Michigan. Granot Loma was originally built by Louis Graveraet Kaufman in 1919 for use as a private summer residence.

10. The title of Plaintiff's estate, "Granot Loma," is derived from an amalgamation of letters from the names of Louis Kaufman's first three children and his wife's name. The name, "Granot Loma," is a unique name invented by Louis Kaufman and has been the name of this particular estate ever since its creation almost 100 years ago.

11. The Granot Loma estate has been the subject of many architectural and historical publications, including "Granot Loma: A Legend in Our Time," and Architectural Digest, amongst other well-known publications.

12. The Granot Loma estate is listed in the National Register of Historic places by the National Park Service National Registration Information System.

13. The Plaintiff has owned the Granot Loma estate, and the name "Granot Loma," since 1987.

14. On July 8, 2011, Miller filed Articles of Incorporation with the Michigan Department of Labor and Economic Growth, Bureau of Commercial Services, incorporating a domestic non-profit corporation illegally using the name "Granot Loma Camp," without Plaintiff's knowledge or authorization.

15. The Registered Agent of GRCI was at the time of incorporation Peggy Frazier, 460 East Ridge Street, Marquette, Michigan 49855.

16. According to the South Carolina Secretary of State business filings online database, Miller, is the registered agent of ERCI.

17. According to the South Carolina Secretary of State, charity detailed filings, Miller is the Chief Executive Officer of "Granot Loma Camp, Inc., d/b/a Eagle Rock Camp". This purported non-profit corporation had claimed revenue of $31,348.92 for the organization's fiscal year 1-1-13 through 12-31-13. However, ERCI was a mere instrumentality of Miller.

18. Miller filed with the Internal Revenue Service an employee identification number (45-2470021) for "Granot Loma Camp" with an address of 6277-600 Carolina Commons Drive, 150, Indian Land, South Carolina, 29707.

19. According to the website, http://granotlomacamp.homestead.com, the Granot Loma Camp claims to be a recreational therapy center, "to help our campers restore, rejuvenate, and regain dignity." This website claims that Granot Loma Camp is located "just 15 miles north of Marquette, MI with office hours Monday through Friday, 8:30 a.m. to 5:00 p.m." The website for "Granot Loma Camp" features pictures of disabled campers variously skiing, playing wheelchair tennis, and horseback riding, as well as scenes of Lake Superior and surrounding Woodlands. The "Granot Loma Camp" website features on its homepage a color photograph of Plaintiff's Granot Loma Estate and photographs of the Granot Loma land and surrounding property on Lake Superior. There is no actual "Granot Loma Camp."

20. The Defendants, have used and are using Plaintiff's Granot Loma estate, the name "Granot Loma", and pictures of Plaintiff's Granot Loma estate and Plaintiff's private residence, all without Plaintiff's permission, to solicit and receive funds, contributions, fees, and other financial remuneration for Defendant's alleged nonprofit charitable activities for a fictional place called "Granot Loma Camp."

21. Miller used ERCI and GRCI to engage in fraud and wrongs, as set forth herein, abusing the corporate form. These actions damaged Plaintiff.

22. Plaintiff has repeatedly demanded Defendants cease and desist using Plaintiff's name ("Granot Loma") and likeness for Defendants' commercial activities on various websites on the internet and other unauthorized uses.

23. Despite Plaintiff's repeated demands to cease and desist the use of Plaintiff's proprietary name, photographs, likenesses and other proprietary information, Defendants have refused to cease and desist and, in fact, continue to misappropriate Plaintiff's proprietary

information and the name "Granot Loma" in connection with their on-going solicitations for contributions to a fictional "Granot Loma Camp."

24. The use of an image without a valid license or permission of the image's owner is considered copyright infringement in violation of US Copyright Law, Title 17 of the United States Code.

## Count I:
### Invasion of Privacy by Defendants GLCI and ERCI

25. Plaintiff incorporates by reference all preceding paragraphs.

26. The Plaintiff Lucian Thomas Baldwin, III, has a right to privacy concerning his private residence, the name of his private residence, photographs of his private residence, and the use of his proprietary information concerning his private residence.

27. Defendants GLCI and ERCI have invaded the Plaintiff's privacy by using the name "Granot Loma" for their commercial fund-raising and financial solicitation purposes without Plaintiff's consent and over Plaintiff's repeated and adamant objections to the use thereto.

28. Defendants GLCI and ERCI used, and continue to use, the name of Plaintiff's estate ("Granot Loma") as well as photographs of Plaintiff's private residence to their pecuniary advantage. Defendants GLCI and ERCI have wrongfully used the name "Granot Loma" in their fund-raising and charitable solicitation efforts for their purported non-profit camp for disabled campers called "Granot Loma Camp."

29. Defendants GLCI and ERCI published false, fraudulent, and misleading information on the internet and other publications when they claims that their facility, "Granot Loma Camp," is located in Marquette County, just north of the City of Marquette, on Lake

Superior when, in fact, Defendants are describing the actual location of Plaintiff's personal and private residence named "Granot Loma."

30. The Defendant's appropriation of Plaintiff's name of his estate and the photographic likeness and depictions of Plaintiff's estate was done without Plaintiff's authorization and to the detriment of the Plaintiff.

31. The Plaintiff has listed the "Granot Loma" estate for sale and has published the listing, through a licensed realtor, on various internet websites.

32. The Defendant's wrongful appropriation of Plaintiff's estate's name and likeness has and is interfering with the sale and marketability of this property. The Granot Loma Estate is currently listed for sale at a price of $40 million, making it the most expensive private residence in the State of Michigan.

33. The Plaintiff has suffered, and continues to suffer, damages as a direct and proximate result of Defendant's wrongful appropriation of Plaintiff's estate's name and likeness including, but not limited to, the sale price proceeds of $40 million, economic and non-economic damages, consequential damages, and other financial and pecuniary losses.

**Count II:**
Unjust Enrichment by Defendants GLCI and ERCI

34. Plaintiff incorporates by reference all preceding paragraphs.

35. GLCI and ERCI has tortiously engaged in misappropriation of Plaintiff's estate's name, likeness and other proprietary information, as well as engaged in an intentional and concerted scheme of unlawful solicitation of charitable contributors utilizing fraud and

misrepresentation to dupe contributors into making financial contributions to a bogus camp for disabled campers using the name and likeness of Plaintiff's private estate, "Granot Loma."

36. Plaintiff conferred a benefit on GLCI and ERCI, namely Plaintiff's estate's name and likeness.

37. As a direct and proximate result of GLCI and ERCI's illegal and unauthorized misappropriation of Plaintiff's estate's name, GLCI and ERCI (and Miller) have been unjustly enriched through the receipt of charitable contributions, fees, and other financial consideration received by the Defendants.

## Count III:
### Piercing the Corporate Veil of ERCI and GLCI as to Defendant Miller

38. Plaintiff incorporates by reference all preceding paragraphs.

39. As described above, ERCI and GLCI were mere instrumentalities of Miller.

40. As alleged in Counts I-III above, ERCI and GLCI committed fraud and other wrongs (namely misappropriation of Plaintiff's property and unjust enrichment).

41. As a result of Miller's conduct in using ERCI and GLCI as mere instrumentalities to commit fraud and other wrongs (namely misappropriation of Plaintiff's property and unjust enrichment), Plaintiff suffered an unjust loss or injury.

## Count IV:
### Piercing the Corporate Veil of GLCI as to its Alter Ego, Defendant ERCI

42. Plaintiff incorporates by reference all preceding paragraphs.

43. As described above, GLCI was a mere instrumentality of ERCI (and Miller).

44. As alleged in Counts I-III above, ERCI and GLCI committed fraud and other wrongs (namely misappropriation of Plaintiff's property and unjust enrichment).

45. As a result of ERCI's conduct in using GLCI as a mere instrumentalities to commit fraud and other wrongs (namely misappropriation of Plaintiff's property and unjust enrichment), Plaintiff suffered an unjust loss or injury.

### Injunctive Relief Requested

46. Plaintiff incorporates by reference all preceding paragraphs.

47. The Plaintiff has requested, and continues to request, that Defendant cease and desist the wrongful use of Plaintiff's estate's name and likeness in her bogus charitable contribution solicitation efforts.

48. Defendant refuses to cease and desist the wrongful use of Plaintiff's estate's name and likeness despite Plaintiff's requests to do so.

49. Plaintiff does not have an adequate legal remedy to address the Defendant's wrongful and illegal actions as enumerated herein.

50. Plaintiff seeks this Court's equitable remedy and requests this Court issue its injunctive order commanding Defendant from further use of the name "Granot Loma" or any derivation thereof in connection with Defendant's carrying out of the activities of "Granot Loma Camp" or any other use whatsoever.

WHEREFORE, Plaintiff respectfully requests this Court grant the following relief:

A. Issue an injunctive order directing Defendants to cease and desist any further use of the name "Granot Loma" or any derivation thereof;

B. Award Plaintiff damages in an amount sufficient to compensate Plaintiff for the economic and non-economic injuries Plaintiff suffered and continues to suffer; and

C. Grant Plaintiff any other relief this Court deems just and equitable.

Respectfully submitted,

Date June 17, 2016						/s/ Karl P. Numinen
							_____
							Karl P. Numinen (P46074)
							Attorney for Plaintiff
							Numinen, DeForge & Mathieu, P.C.
							105 Meeske Ave.
							Marquette, MI 49855
							karl@numinenlaw.com
							(906) 226-2580

## **RELIANCE UPON JURY DEMAND**

NOW COMES the Plaintiff, Lucian Thomas Baldwin, III, by and through his attorneys, Numinen, DeForge & Mathieu, P.C., and hereby states reliance upon Plaintiff's previously-filed jury demand in the above-captioned matter.

Respectfully submitted,

Date June 17, 2016               /s/ Karl P. Numinen

Karl P. Numinen (P46074)
Attorney for Plaintiff
Numinen, DeForge & Mathieu, P.C.
105 Meeske Ave.
Marquette, MI 49855
karl@numinenlaw.com
(906) 226-2580